UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MELANIE HENRY, )<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>PEMISCOT MEMORIAL HEALTH )<br>SYSTEMS, COUNTY OF PEMISCOT and )<br>DR. JOHN NWORA, )<br>  Defendants. ) | Case No. 1:05CV00075 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant Pemiscot County's Motion to Dismiss [doc. #12].

### I. BACKGROUND

On May 17, 2005 Plaintiff filed suit pursuant to 42 U.S.C. § 1983 alleging she was a victim of gender discrimination in her place of employment. Plaintiff is an employee of Defendant Pemiscot Memorial Health System ("Hospital"). In her Complaint, Plaintiff names the County of Pemiscot ("Pemiscot County" or "County") as a Defendant. She alleges that Pemiscot County owns and operates the Pemiscot Memorial Health System. She also alleges that the other named Defendants are "the agents, servants, and employees" of the County.

### II. MOTION TO DISMISS STANDARD

A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support" of a claim entitling him or her to relief. Breedlove v. Earthgrains Baking, 140 F.3d 797, 799 (8th Cir. 1998) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In considering a motion to dismiss,

1

the Court takes all allegations in the complaint as true and views the facts alleged in the light most favorable to the non-moving party. The complaint "should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Krentz v. Robertson, 228 F.3d 897, 905 (8th Cir. 2000) (holding that the plaintiff's failure to exhaust his administrative remedies foreclosed his opportunity to litigate in federal court) (citations omitted). On a motion to dismiss, the issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. Schuer v. Rhodes, 416 U.S. 232, 236 (1976).

## III.  DISCUSSION

Defendant Pemiscot County has filed the instant Motion to Dismiss generally arguing that

> [t]he county does not operate the Hospital and allegations belie state law and specifically § 205.190 R.S.Mo. in which the Trustees of the Hospital, who are either appointed to the board by the County Commission under § 205.170 R.S.Mo. or are elected under § 205.180 R.S.Mo. are vested with the power to make and adopt by-laws, rules and regulations for its own guidance and for the governance of the Hospital.

Generally, Missouri state law permits county commissions to "establish, construct, equip, improve, extend, repair and maintain public hospitals and engage in health care activities."[1] Mo. Rev. Stat. § 205.160. "The county commission *shall* appoint five trustees. . . who shall constitute a board of trustees for such public hospital." Mo. Rev. Stat. § 205.170 (emphasis added). These

---

[1]This Section prohibits county commissions in certain counties from fully participating in these healthcare activities. Neither party alleges this exception applies to this case.

trustees have the authority:

> to operate, maintain and manage a hospital and hospital facilities, and to make and enter into contracts, for the use, operation or management of a hospital or hospital facilities; to engage in health care activities; . . . and further to provide rules and regulations for the operation, management or use of a hospital or hospital facilities.

Mo. Rev. Stat. § 205.190(4). It is clear that the day-to-day activities of public hospitals are performed by the trustees. However, as Plaintiff notes, Defendant has failed to present any evidence that: (1) a board of trustees had been appointed in this case; (2) the Hospital was not owned by Pemiscot County; and (3) if a board of trustees had been appointed, it was not acting as an agent of the County. The Court agrees with Plaintiff and holds that Defendant Pemiscot County has failed to prove "that there is some insuperable bar to relief" in this case. See Krentz, 228 F.3d at 905.

Defendant Pemiscot County also makes arguments specific to each of Plaintiff's Counts. Count I of Plaintiff's Complaint alleges discrimination under 42 U.S.C. § 1983. Defendant claims that Count I should be dismissed since Plaintiff makes no allegations that the County was (1) personally involved in the constitutional violation or (2) acting under color of law. First, Plaintiff makes allegations of the County's personal involvement in Paragraph 29 of her Complaint. Second, the same Paragraph alleges the County's actions were under color of law. Defendant cites Stribling v. Jolley in support of its argument that the County is not a political subdivision of the State of Missouri. 245 S.W.2d 885, 889-90 (Mo. 1952). The Court hold that the case is inapposite. In Stribling, the Court held that the *hospital* was not a political subdivision; the Court made no findings that the County was not a political subdivision of the State. Id. (emphasis added). On the contrary, the Supreme Court has held that "[o]ur analysis of the legislative history

3

of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies." Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 (1978). For the foregoing reason, Count I will not be dismissed.

Defendant argues that Count II of Plaintiff's Complaint should be dismissed since her Complaint does not allege that she was employed by Pemiscot County. In Count II, Plaintiff alleges she was harassed and discriminated against based on her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's. . . sex." 42 U.S.C. § 2000e-2. In general, an employer is any "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). Plaintiff has alleged that she (1) is employed by Defendant Pemiscot Memorial Health System (Complaint ¶ 5) and that (2) Pemiscot Memorial Health System is an agent of Pemiscot County (Complaint ¶ 9). In her briefing, Plaintiff argues that both the Hospital and County were her employers. However, as written, Plaintiff's Complaint does not allege that Pemiscot County was her employer during the relevant time period. Thus, Count II will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [doc. #12] is **GRANTED IN PART and DENIED IN PART**. Defendant's Motion is **DENIED** as to Count I of Plaintiff's Complaint. Count II is **DISMISSED** without prejudice.

An appropriate Order of Dismissal will accompany this Order.

So Ordered this 21st day of December 2005.

                                            E. RICHARD WEBBER
                                            UNITED STATES DISTRICT JUDGE