UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MELANIE A. HENRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05CV75SNL |
| | ) | |
| PEMISCOT MEMORIAL | ) | |
| HEALTH SYSTEMS and | ) | |
| DR. JOHN NWORA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Pemiscot Memorial Health Systems' (hereinafter referred to as PMHS) motion to dismiss Count V of first amended complaint without prejudice (#97), filed July 18, 2007; and plaintiff's motion to strike PMHS' motion to dismiss Count V (#100), filed July 20, 2007. This cause of action is set for jury trial on the Court's trial docket of August 6, 2007.

This case has had a very convoluted and complicated litigation history. This multicount employment discrimination case was originally filed on May 17, 2005 and assigned to United States Magistrate Judge Thomas C. Mummert III. On or about July 25, 2005 the case was reassigned to the Honorable Judge E. Richard Webber. On December 21, 2005 Judge Webber dismissed without prejudice Count II of the original complaint against (former) defendant Pemiscot County. *See*, Court Orders #21 and #22. On or about October 3, 2006 Judge Webber dismissed with prejudice Counts I, II, III, and IV of the original complaint against (former) defendant Pemiscot County; and dismissed with prejudice Counts I and III of the original

complaint against defendant PMHS.  *See*, Court Orders #44 and #45.  On October 11, 2006 plaintiff filed an amended complaint against defendants PMHS and Nwora.  Document #48.  She reasserted in Count I a §1983 claim against both defendants; a Title VII sexual harassment claim against PMHS in Count II; a Title VII retaliation claim against PMHS in Count III; a Missouri Human Rights Act (MHRA) claim against both defendants in Count IV; a state law claim for assault and battery against defendant Nwora in Count V; and a state law claim for negligence against both defendants in Count VI.  Thus, defendants were now named as co-defendants in Count II (§1983) and Count IV (MHRA) with defendant Nwora being named the only defendant in Count V (assault and battery).

On October 11, 2006 the Court entered an amended Case Management Order (CMO) which, among other things, set a deadline for dispositive motions to be filed no later than March 30, 2007.  *See*, CMO (#47).  Defendants filed second summary judgment motions.  *See*, Documents #53 and #54, filed March 21, 2007 by defendant PMHS; and Documents #57 and #58, filed March 29, 2007 by defendant Nwora.  On June 25, 2007 Judge Webber entered his order 1) granting summary judgment for PMHS and against plaintiff on Count VI; 2) denying summary judgment as to PMHS on Counts II and IV; 3) granting summary judgment for Nwora and against plaintiff on Counts IV and VI; and 4) denying summary judgment to Nwora on Count V.  Thus, Counts II and IV against defendant PMHS only, and Count V against defendant Nwora only remained for trial.  *See*, Court Order and Judgment #66 and #67.

On July 2, 2007 this case was again reassigned to this Court.  *See*, Court Order #70.  Among other things, the Court continued the trial setting to the present setting of August 6, 2007.

Defendant PMHS seeks to have the Court decline exercising it supplemental jurisdiction over Count V for two (2) reasons: 1) defendant Nwora is a party-defendant only in Count V

which is a state law claim for assault and battery; and 2) the evidence relating to the Count V claims "substantially predominates over all other issues remaining for trial against this defendant **[defendant PMHS]** and that trying Count V together with Counts II and IV carries with it great risk of jury confusion and prejudice to this defendant". Plaintiff seeks to strike the motion to dismiss Count V as being untimely pursuant to the amended CMO and further argues that the evidence she expects to submit at trial on her claim of assault and battery is part of her case in support of her claim(s) of a "reign of sexual harassment perpetrated by defendant Nwora" while in the employ of defendant PMHS. Defendant PMHS believes its motion to dismiss is not untimely given the filing of the plaintiff's amended complaint, the filing of the second summary judgment motions, and the recent adjudication of those motions.

The sole basis for the Court's jurisdiction over the state-law claim in Count V is 28 U.S.C. §1367(a), which permits a district court to exercise supplemental jurisdiction over claims that are part of the same case or controversy as the federal claims falling within the court's original jurisdiction. However, a district court may, in its discretion, decline to exercise supplemental jurisdiction when "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction" or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. §1367(c)(2) and (4). "A federal court will find substantial predominance when it appears that `a state claim constitutes the real body of a case, to which the federal claim is only an appendage.'" McNerny v. Nebraska Public Power District, 309 F.Supp.2d. 1109, 1117-18 (D.Neb. 2004) *quoting* De Asencio v. Tyson Foods, Inc., 342 F.3d. 301, 309 (3rd. Cir. 2003)(*quoting* Mine Workers v. Gibbs, 383 U.S. 715, 727 (1966)). "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may

3

be dismissed without prejudice and left for resolution to state tribunals." Gibbs, 383 U.S. at 726-27. However, even if the state claim does substantially predominate, "subsection (c) leaves the decision whether to exercise supplemental jurisdiction within the Court's discretion." Karstens v. International Gamco, Inc., 939 F.Supp.2d. 1430, 1441 (D.Neb. 1996). The Court may still consider whether the state and federal claims are sufficiently interrelated, the financial impact of litigation in two different courts, and the convenience of witnesses testifying in two different courts. Karstens, at 1441. "Considerations of judicial economy and preservation of resources weigh against such duplicative litigation." Karstens, at 1441 (citation omitted).

Firstly, given the litigation history of this case, the Court will not strike the motion to dismiss Count V as untimely. The Court agrees that defendant PMHS' counsel should have requested leave prior to filing this motion; however, the Court will not strike the motion on this technicality. In the future, counsel is strongly advised to seek leave when filing a dispositive motion so close to trial, and when its timeliness under the applicable CMO is questionable.

Secondly, contrary to defendant PMHS' assertion, the Court does not believe that there is a great risk of jury confusion regarding the evidence the plaintiff may present as to Count V. A review of the amended complaint and other relevant pleadings indicates that Count V is clearly intertwined with the claims asserted in Counts II and IV. Essentially, plaintiff alleges that the chair throwing incident was part of a pattern of abusive behavior perpetrated by defendant Nwora in his sexual harassment of her. It is a question of fact for the jury to decide as to whether this was an isolated incident or part of a "reign of sexual harassment" by defendant Nwora and ignored by defendant PMHS. Any risk of jury confusion can be minimized by properly instructing the jury. *See*, Karstens, at 1441 (citation omitted)(juries are often instructed on different theories

of relief and the possibility of different instructions for the federal and state claims does not justify dismissing the state claim).

Finally, the Court is reluctant to dismiss a claim against defendant Nwora when the instant motion was filed by PMHS only. Since Count V is against defendant Nwora only, it is he who would incur additional fees and costs in a subsequent state court case, as well as, subjecting himself to more court time in defending another case. Just recently, defendant Nwora filed a motion to remand regarding Count V of the amended complaint. *See*, Document #120, filed July 27, 2007. The Court believes the issue of supplemental jurisdiction is best addressed upon review of defendant Nwora' motion and consideration of his interests in this matter.

The Court does not find that the state claim as contained in Count V of the amended complaint substantially predominates the remaining federal claims nor does the Court find any other compelling reasons to decline exercising supplemental jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant PMHS' motion to dismiss Count V (#97) be and is **DENIED.**

**IT IS FINALLY ORDERED** that plaintiff's motion to strike (#100) be and is **DENIED.**

Dated this   30th    day of July, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE